FILED
 2016 Jan-14  AM 10:16
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA CLARICE BENSON,** ) <br> ) <br> **Claimant,** ) <br> ) <br> vs. ) <br> ) <br> **CAROLYN W. COLVIN, Acting** ) <br> **Commissioner, Social Security** ) <br> **Administration,** ) <br> ) <br> **Defendant.** ) | **Case No. 2:15-CV-0652-CLS** |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Melissa Benson, commenced this action on April 17, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to consider new evidence presented for the first time to the Appeals Council, improperly considered the opinion of her treating physician, and improperly evaluated her credibility and complaints of subjective symptoms. Upon review of the record, the court concludes that claimant's second contention has merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (alterations supplied). Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or

treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(c). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Frank S. Hodges, claimant's orthopaedic surgeon, examined claimant in his office on February 24, 2011, approximately five months after performing a discectomy on her. Claimant complained of continued low back pain, although her radiculopathy had improved for the most part since the surgery. Upon examination, claimant had painless range of motion in her cervical and lumbar spine, no focal tenderness or paraspinal muscle spasm, 5 of 5 strength in all upper and lower extremities, intact sensation, and negative straight leg raise test. An x-ray revealed "some narrowing at L4-5 with previous right-sided hemilaminotomy defect but otherwise no evidence of malalignment." Dr. Hodges's assessment was occasional right hand numbness and chronic low back pain. His treatment plan was:

> At this point I don't think that we necessarily need to proceed with any further treatment or workup regarding her cervical or lumbar spines. *I do understand that she is likely to have difficulty proceeding with doing her former job as a hair stylist with some chronic back pain.* At this

point there is no surgical intervention that would be required for that. In regards to the intermittent numbness, [I] simply recommend continued observation. Told her that should it become more frequent or she were to become incontinent of bowel or bladder or developed weakness, to notify me immediately so that we could obtain MRI scan. I will await to hear back from her regarding this.[1]

The ALJ did not mention Dr. Hodges's statement about claimant's ability to perform work as a hairdresser. To the contrary, he actually found that "no treating, examining, or reviewing doctor has indicated that the claimant was disabled or otherwise unable to perform work related activities."[2] That finding obviously is not supported by the record. Moreover, the ALJ's failure to address Dr. Hodges's opinion is significant because the ALJ ultimately concluded that claimant could perform her past relevant work as a hairstylist.[3] The Commissioner asserts that the ALJ's failure to address Dr. Hodges's opinion is, at most, harmless error, because the opinion was conclusory and unsupported by the record. There is, indeed, some conflicting evidence in the record about the extent of claimant's impairments after her back surgery. However, those conflicts should be weighed and resolved in the first instance by the ALJ, not by this court.

In accordance with the foregoing, remand is warranted for the ALJ to further consider and state the weight afforded to Dr. Hodges's opinion, and to conduct any

---

[1] Tr. 257 (alteration and emphasis supplied).
[2] Tr. 25.
[3] Tr. 26.

further proceedings deemed appropriate.  The decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

    The Clerk of Court is directed to close this file.

    DONE this 14th day of January, 2016.

                                            /s/ Lynwood Smith
                                            United States District Judge